No. 05-455

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 174N

CHRISTY FLEMING,

        Plaintiff and Appellant,

   v.

MacKENZIE RIVER PIZZA COMPANY,

        Defendant and Respondent.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DV 03-396
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Norman H. Grosfield; Utick & Grosfield, Helena, Montana

        For Respondent:

            Calvin J. Stacey; Stacey & Funyak, Billings, Montana

Submitted on Briefs:  May 23, 2006

Decided:  July 25, 2006

Filed:

_____
Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Christy Fleming appeals from the judgment entered by the Eighteenth Judicial District Court, Gallatin County, awarding $2,569.66 to defendant MacKenzie River Pizza Company (MacKenzie) based on a jury verdict of $6,462.66 in Fleming's favor—comprising $1,462.66 in medical expenses and $5,000 for pain and suffering—and a prior $9,032.32 payment by MacKenzie to Fleming. We affirm.

¶3     Fleming first asserts the jury's failure to award damages for loss of ability to pursue an established course of life requires reversal because she presented uncontroverted and credible evidence that she had a diminished sense of taste after ingesting a substance containing bleach at a MacKenzie restaurant. MacKenzie responds that the jury was instructed that, if it found Fleming had been permanently injured or would continue to suffer in the future from her injuries, it could award damages for loss of ability to pursue an established course of life. MacKenzie argues the jury decided not to award damages in that regard based on the evidence and its credibility determinations.

¶4     Fleming also asserts the District Court committed reversible error by allowing MacKenzie's counsel to cross-examine her about a medical note dated April 29, 2001, which

MacKenzie's counsel apparently obtained—along with other unspecified documents—from defense counsel in another case involving Fleming. Fleming argues the note was not entered into evidence and was improperly obtained.

¶5 The record reflects Fleming did not contemporaneously object to the questions posed by MacKenzie's counsel about the note. The next morning, outside the presence of the jury, Fleming raised issues regarding the note and other documents. The District Court ruled that counsel would not be precluded from questioning a witness about a document that had not first been introduced as an exhibit, but "no document will be used in this trial unless it has been provided in discovery." Fleming does not assert opposing counsel improperly questioned a witness regarding any of the challenged documents after the court's ruling. She does maintain, however, that opposing counsel improperly referred to the note during closing argument—although she did not object during MacKenzie's closing. Fleming's citation to the transcript leads to something other than a closing argument; however, MacKenzie's counsel did refer to the other case in his closing. The record does not specifically reflect which documents Fleming asserted were improperly obtained and used during trial, but it appears that a November 24, 2001 medical record mentioned by MacKenzie's counsel during closing was available during a pretrial deposition and, in any event, counsel stated that it "[h]ad nothing to do with this case." MacKenzie's counsel also referred to an allegation of fatigue in the other case's complaint. Fleming did not object to references to the complaint at trial and, on appeal, apparently concedes the complaint was properly referenced as a public document.

3

¶6     We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record that this appeal is without merit because there was substantial credible evidence to support the jury's findings and credibility issues were within the jury's province, Fleming waived the issue regarding the use of documents during cross-examination by failing to object, and the assertion regarding opposing counsel's closing argument is unsupported by the record.

¶7     Affirmed.


                                        /S/ KARLA M. GRAY

We concur:

/S/ PATRICIA COTTER
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ BRIAN MORRIS